Melissa S. Hayward
  Texas Bar No. 24044908
  MHayward@HaywardFirm.com
**HAYWARD PLLC**
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel./Fax: (972) 755-7100

**ATTORNEYS FOR PERIGROVE 1018, LLC**

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **PERIGROVE 1018 LLC,** § | **Case No. 24-30277** | |
| § | **Chapter 7** | |
| Alleged Debtor. § | | |

**PERIGROVE 1018 LLC'S EMERGENCY MOTION TO
DISMISS AND SEAL INVOLUNTARY PETITION**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE U.S. BANKRUPTCY COURT:

COMES NOW Perigrove 1018 LLC ("P1018" or the "Alleged Debtor"), the alleged debtor in the above-captioned involuntary chapter 7 bankruptcy case (the "Involuntary Case"), and files this *Emergency Motion to Dismiss and Seal Involuntary Petition* (the "Motion"). In support, P1018 respectfully states as follows:

## INTRODUCTION

1. On January 17, 2024, Anant Kumar Tripati ("Petitioner" or "Tripati") commenced an involuntary chapter 7 bankruptcy case (the "Involuntary Case") against P1018 by filing that certain *Involuntary Petition Against a Non-Individual* [Dkt. No. 1] (the "Petition").

2. P1018 files this Motion pursuant to sections 303, 305, and 707 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1011 and 7012 of the Federal Rules of Bankruptcy Procedure seeking to dismiss the Involuntary Case for lack of standing and as a bad-faith filing as a matter of law.

## FACTUAL BACKGROUND

3. Tripati is a convicted felon who has been incarcerated in Arizona for decades after being convicted of multiple crimes including fraud, and he has a long well-documented history of filing harassing and abusive pleadings in state and federal courts across the country over the past thirty-plus years.[1]

---

[1] Tripati has filed numerous complaints in federal courts, and given his vexatious litigation history, "[he] has been subject to filing restrictions in the United States District Court for the District of Arizona, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court." *See Tripati v. Wexford Health Sources Inc.*, 2022 U.S. App. LEXIS 34617, at *4-5 n.2 (3d Cir. Dec. 15, 2022) (citing *In re Tripati*, 891 F.2d 296, 296 n.1 (9th Cir. 1989) (table); *In re Tripati*, No. 93-80317 (9th Cir. Sept. 15, 2015); *Tripati v. Schiro*, 541 U.S. 1039 (2004) (mem. op.)); *cf. Tripati v. Corizon Inc.*, No. 3:16-cv-00076, 2016 WL 11658061, at *1 (M.D. Tenn. 2016) (citing *Schriro*, 541 U.S. at 1039) ("[Tripati] has previously filed more than 60 lawsuits and appeals in the courts of the Ninth Circuit. . . . Even the United States Supreme Court has previously sanctioned the plaintiff for 'repeatedly abus[ing]' the Court's process"). Indeed, this is not the first time Tehum and entities allegedly related to it have been targets of his

4.     On May 1, 2023, Tripati filed a *Verified Adversary Complaint by Anant Kumbar Tripati* [Adv. Proc. No. 23-03072, Dkt. No. 1] in a chapter 11 case styled *In re Tehum Care Services, Inc.*, case no. 23-90086 (CML) (the "Tehum Bankruptcy Case") pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"), commencing that certain adversary proceeding styled *Anant Kumar Tripati v. Sara Tirschwell et al.*, case no. 23-03072 (the "Adversary Proceeding"). In the Adversary Proceeding, Tripati asserts claims and seeks damages against dozens of defendants based on spurious and largely indecipherable allegations (collectively, the "Tripati Claims"), and since May 1, 2023, Tripati has filed over seventy (70) different pleadings in the Adversary Proceeding along with over thirty (30) filings in the Tehum Bankruptcy Case. He has also sent myriad threatening and harassing emails to counsel contending that more lawsuits will be filed unless his demands are met. Due to such conduct, Tehum filed its *Debtor's Emergency Motion for Order to Show Cause Why the Court Should Not Declare Anant Kumar Tripati a Vexatious Litigant and Enter Pre-Filing Injunction*, which is currently pending before the Court.

## DISMISSAL OF IMPROPER INVOLUNTARY PETITION

5.     Tripati's involuntary filing against P1018 is improper on its face and must be dismissed. Tripati does not hold an undisputed claim against P1018 and cannot serve as a petitioning creditor under section 303 as a matter of law.

6.     The filing of an involuntary case is governed by section 303 of the Bankruptcy Code, which provides, *inter alia*, that in cases involving an alleged debtor with 12 or more creditors, an involuntary case may be commenced upon the petition of three (3) or more creditors of the alleged debtor; however, the petitioning creditors' claims cannot be "contingent as to

---

vexatious campaign. *See Tripati v. Pharmacorr*, Case No. CIV-13-547-R (W.D. Okla. Oct. 10, 2013), Docket No. 25 (revoking *in forma pauperis* status).

liability or the subject of a bona fide dispute *as to liability or amount*," and "the noncontingent, undisputed claims aggregate at least $18,600 more than the value of any lien on property of the debtor securing such claims."[2] "Congress has made clear that it 'intended to disqualify a creditor whenever there is any legitimate basis for the debtor not paying the debt, whether that basis is factual or legal.'"[3]

7. A contested involuntary petition must be closely scrutinized because involuntary bankruptcy is an extreme measure that frequently carries serious consequences for the involuntary debtor, such as loss of credit standing, interference with business affairs, and even public embarrassment.[4] In *Matter of Sims*,[5] the Fifth Circuit adopted the Third, Seventh, Eighth, and Tenth Circuits' definition of *bona fide* dispute, which utilizes an objective standard based on the reasoning of *In re Lough*.[6] Under the objective standard, a bankruptcy court must determine whether there is an objective basis for either a factual or a legal dispute as to the validity or amount of the debt.[7] The Second and Ninth Circuits have since also adopted the objective test.[8]

---

[2] 11 U.S.C. § 303(b)(1) (emphasis added). If there are fewer than 12 creditors of the alleged debtor, the number of petitioning creditors is reduced to a single creditor holding noncontingent, undisputed claims in the aggregate of $18,600. *See* 11 U.S.C. § 303(b)(2).

[3] *Riverview Trenton R.R. v. DSC, Ltd.* (*In re DSC, Ltd.*), 486 F.3d 940, 945 (6th Cir. 2007) (quoting *In re Lough*, 57 B.R. 993, 997 (Bankr. E.D. Mich. 1986)).

[4] *In re Frailey*, 144 B.R. 972, 976 (Bankr. W.D. Penn. 1992); *In re Ballato*, 252 B.R. 553, 557 (Bankr. M.D. Fla. 2000).

[5] 994 F.2d 210, 221 (5th Cir. 1993).

[6] 57 B.R. 993, 997 (Bankr. E.D. Mich. 1986). *Sims*, 994 F.2d at 220-21.

[7] *Id.* at 221. *See In re Rimell*, 946 F.2d 1363, 1365 (8th Cir. 1991) (same); *In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987) (same); *Bartman v. Maverick Tube Corp.*, 853 F.2d 1540, 1544 (10th Cir. 1988), *cert. denied*, 112 S. Ct. 2275 (1992); *B.D.W. Assoc. v. Busy Beaver Bldg. Centers, Inc.*, 865 F.2d 65, 66-67 (3d Cir. 1989) (if there is a genuine issue of material fact that bears upon the alleged debtor's liability or a meritorious contention as to the application of law to undisputed facts, there is a bona fide dispute).

[8] *See In re Vortex Fishing Sys, Inc., v. Liberty Tool*, 277 F.3d 1057, 1064-65 (9th Cir. 2001) (joining 'sister circuits' in adopting the objective test for disputes regarding liability or amount); *In re BDC 56 LLC*, 330 F.3d 111, 118 (2d Cir. 2003) (adopted Seventh Circuit's objective test as well as the burden-shifting framework developed for its application).

8. In the Fifth Circuit, petitioning creditors must establish a *prima facie* case that no *bona fide* dispute exists. Assuming that the petitioning creditors can meet that burden, the burden shifts to the alleged debtor to present evidence demonstrating that a *bona fide* dispute does, in fact, exist. The court's objective is not to actually resolve the dispute, but rather to ascertain whether a dispute that is *bona fide* exists.[9] The court may be required to conduct a limited analysis of the legal issues to ascertain whether an objective legal basis for the dispute exists.[10] Much like a summary judgment motion, if either a material issue of fact bearing upon liability or amount exists, or where a meritorious contention as to the application of law to undisputed facts exists, there is a *bona fide* dispute, and the involuntary petition must be dismissed.[11]

9. Here, it is evident from the face of the involuntary petition that Tripati's claims are frivolous, contingent, and disputed litigation-based claims. Tripati cannot establish a *prima facie* case that no *bona fide* dispute exists, and the Petition must accordingly be dismissed as a matter of law.

## DISMISSAL FOR BAD-FAITH FILING

10. Tripati's involuntary petition must also be dismissed as a bad-faith filing. A bad-faith filing is cause for dismissal of an involuntary petition.[12] The filing of an involuntary petition for a non-bankruptcy purpose is evidence of bad faith,[13] which is established based upon a preponderance of the evidence.[14]

---

[9] *Sims*, 994 F.2d at 221.

[10] *Id.*

[11] *Frailey*, 144 B.R. at 976.

[12] *Basin Elec. Power Coop. v. Midwest Processing Co.,* 769 F.2d 483, 486 (8th Cir. 1985); *In re Tichy Elec. Co., Inc.,* 332 B.R. 364, 373 (Bankr. N.D. Ia. 2005).

[13] *See Basin Elec. Power Coop., supra and Tichy, supra*

[14] *In re Schloss,* 262 B.R. 111, 116 (Bankr. M.D. Fla. 2000).

11. While the standard for bad faith is not defined in the Bankruptcy Code,[15] courts have developed several tests to determine whether bad faith exists, including, but not limited to, the following:

> (1) the "improper use" test, which finds bad faith when a petitioning creditor uses involuntary bankruptcy proceedings in an attempt to obtain a disproportionate advantage for itself, rather than to protect against other creditors obtaining disproportionate advantages, particularly when the petitioner could have advanced its own interests in a different forum;[16] and
>
> (2) the "improper purpose" test, which finds bad faith based upon the petitioner's improper motivation for filing the petition.[17]

12. Under the foregoing tests, and considering the involuntary petition and Tripati's history with this Court and others, Tripati filed the instant involuntary petition in a bad faith attempt to harass and embarrass P1018. The involuntary petition was clearly filed in bad faith and must be dismissed.

## SEALING THE INVOLUNTARY PETITION

13. Federal Rule of Bankruptcy Procedure 9018 provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

---

[15] *Tichy,* 332 B.R. at 373.

[16] *Id.; In re Better Care, Ltd.,* 97 B.R. 405, 411 (Bankr. N.D. Ill. 1989).

[17] *Tichy,* 332 B.R. at 373; *In re Better Care, Ltd.,* 97 B.R. at 410.

Furthermore, section 107(b) of the Bankruptcy Code provides an exception to the general rule that filings are public:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

14. While the Court's exercise of authority in this situation is discretionary and the moving party bears the burden of demonstrating that the requirements of Rule 9018 have been satisfied. 10 COLLIER ON BANKRUPTCY P. 9018.02 (16th 2021), sealing of the Petition here is warranted. The Petition is rife with wholly untrue and incorrect information that easily arises to the level of being both "defamatory" and "scandalous". The untrue and incorrect information in the Petition is having a very real effect on P1018 and its business operations, and the Petition should be—and remain—sealed from public access.

WHEREFORE, BASED UPON THE FOREGOING, P1018 requests that the Court enter an order dismissing the Petition and this Involuntary Case and granting P1018 such other and further relief at law and equity as to which P1018 is justly entitled.

DATED: February 6, 2024.

Respectfully Submitted,

*/s/ Melissa S. Hayward*
Melissa S. Hayward
  Texas Bar No. 24044908
  MHayward@HaywardFirm.com
**HAYWARD PLLC**
10501 N Central Expy, Suite 106
Dallas, Texas 75231
(972) 755-7104 Phone/Fax

**ATTORNEYS FOR PERIGROVE 1018 LLC**

**CERTIFICATE OF SERVICE**

I certify that on February 5, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties authorized to receive electronic notice in this case.

A copy will also be served on Tripati via First Class Mail and via email to the two email addresses from which Tripati has contacted counsel: chandrajyotilal@gmail.com and jailhelper@gmail.com.

/s/ Melissa S. Hayward
Melissa S. Hayward